IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KAYLEE WEHRLE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RODNEY DHEIN,**<br><br>**Defendant.** | **Case No. 3:24-CV-2442-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are the Motions *in Limine* filed by Plaintiff Kaylee Wehrle (Doc. 31) and Defendant Rodney Dhein (Doc. 33), Dhein's objections to Wehrle's Rule 26(a)(3) disclosures (Doc. 30), and the Parties' objections to each other's designated deposition testimony. The Court now rules as follows.

## I. Defendant's Objections to Plaintiff's Rule 26(a)(3) Disclosures

Both parties filed their Rule 26(a)(3) Pretrial Disclosures on September 11, 2026. (Docs. 28, 29). Dhein objected to certain exhibits disclosed by Wehrle on September 25, 2026. (Doc. 30). Wehrle did not file a response, nor did she object to Dhein's disclosures.

### A. *Illinois Crash Report*

Dhein asserts that the police report of the accident is inadmissible hearsay. Police reports are generally excluded as hearsay "except to the extent to which they incorporate firsthand observations of the officer." FED. R. EVID. 803(8), Advisory Committee's Note. Although an officer is acting in the regular course of business when preparing a police

report, the report often incorporates information obtained from bystanders. *Id.* And "the presumption of reliability that serves as the premise for the public-records exception does not attach to third parties who themselves have no public duty to report." *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013). "Accordingly, third-party statements contained in a police report do not become admissible for their truth by virtue of their presence in a public record and instead must have an independent basis for admissibility." *Id.*

Without knowing the contents of the police report in this case, the Court cannot say whether the entire exhibit should be excluded or whether portions of it fall under a hearsay exception. Therefore, the Court **RESERVES RULING** on this objection.

B. *Defendant's Policy Details and Salvage Title*

Dhein next argues that his insurance policy details and the salvage title for his car, which includes the words "State Farm Insurance," are inadmissible because evidence of liability insurance is not relevant. Therefore, Wehrle should be prohibited from offering these exhibits.

Under Rule 411, evidence that a person was or was not insured against liability is not admissible to prove negligence. FED. R. EVID. 411. It may be admissible for another purpose, however, such as to prove bias, prejudice, or agency, ownership, or control. Without more information and context on how Wehrle intends to use these exhibits, the Court must **RESERVE RULING** on this objection.

C. *Remaining Objections*

The remainder of Dhein's objections go to relevance. Dhein argues that the estimate to repair Wehrle's vehicle, the salvage title, a Florida Driver Handbook, and

"What Every Driver Must Know—Michigan Driving Manual" are irrelevant and inadmissible. Again, without any context as to how these exhibits will be used at trial, the Court cannot say whether they have any relevance to Wehrle's case. The Court therefore **RESERVES RULING** on these objections.

## II. Motions *in Limine*

A district court "has the inherent authority to manage the course of a trial," which includes the power to issue evidentiary rulings on motions *in limine* in advance of trial. *Sec. & Exch. Comm'n v. Ferrone*, 163 F. Supp. 3d 549, 554 (N.D. Ill. 2016) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). "Prudent motions in limine serve a gatekeeping function by allowing the judge 'to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury.'" *Id.* (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

A motion *in limine* to bar evidence should only be granted where the evidence is clearly inadmissible for any purpose. *Id.* (citing *Taylor v. Union Pac. R. Co.,* 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010)). "The moving party bears the burden of establishing clear inadmissibility." *Id.* (citing *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F.Supp.2d 928, 934 (N.D. Ill. 2009)). If the moving party cannot meet her burden, a ruling should be deferred until trial. *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747501, at *1 (S.D. Ill. Mar. 2, 2010). Rulings on motions *in limine* are preliminary and subject to change as a trial unfolds. *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011).

A. *Defendant's Motions in Limine*

**Motion *in Limine* No. 1:** What any doctor or other medical person said or did not say to Plaintiff about any type of injury or medical problem Plaintiff may or may not have had since the accident because such statements would be hearsay.

In response, Wehrle argues that these statements may be admissible as non-hearsay or under several exceptions to the hearsay rule. The Court agrees that the statements may be admissible under the Federal Rules of Evidence. Without further context or specific statements to consider, the Court **RESERVES RULING** at this time.

**Motion *in Limine* No. 2:** That any property damage to Plaintiff's vehicle was paid for by Defendant's insurance carrier.

Plaintiff has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 3:** That Plaintiff, Plaintiff's counsel, or any witness called by any party be prevented from making any reference of any kind or nature whatsoever to insurance.

Plaintiff has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 4:** That Plaintiff, Plaintiff's attorney, and any witness called by any party be prohibited from injecting any evidence into the case or any questioning about any drinking or alleged intoxication on the part of the defendant.

Plaintiff has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 5:** That Plaintiff, Plaintiff's attorney, and any witness called by any party be prohibited from referring to any type of traffic violation issued to Defendant.

Wehrle objects to this motion, noting that Dhein received a citation for improper passing on the left and failure to reduce speed to avoid a collision. She argues that such evidence should be admissible, particularly if Dhein denies wrongful conduct or denies receiving a citation.

Neither party cites any legal authority for their position. Because it is unclear how evidence of the traffic citation would be elicited at trial, whether it is relevant, whether counsel intends to introduce evidence of the actual citation, and how the citation was ultimately resolved, the Court **RESERVES RULING** at this time. *See Clay v. MAM Transportation*, No. 23-CV-03159-SPM, 2023 WL 8354785, at *2 (S.D. Ill. Dec. 1, 2023) (noting that the Seventh Circuit has not taken up the admissibility of traffic citations explicitly, but that other courts have found the admission of a traffic citation may be unfairly prejudicial if the individual did not plead guilty to the citation).

**Motion *in Limine* No. 6:** That Plaintiff, Plaintiff's attorney, and any witness called by any party be prohibited from making any reference to a claim for lost wages as a result of Plaintiff's injuries.

Dhein argues that evidence of lost wages should be prohibited because, although Wehrle claims the accident deprived her of the ability to seek employment with a school district in Hamel, Illinois, she testified that she never interviewed for the position prior to the accident. In fact, she never even applied. At most, she spoke to the principal before the accident, who told her that job openings were posted on the website. Therefore, Dhein argues, Plaintiff's claim for $32,000 in lost wages is entirely speculative. Dhein cites to *Reed v. Union Pacific Railroad Co.* for the proposition that "evidence about what an injured

plaintiff would have pursued but for his injuries is admissible so long as it is supported by competent evidence." 185 F.3d 712, 719 (7th Cir. 1999). In response, Wehrle asserts Dhein has mischaracterized her claim and that just because she did not get a specific job does not mean her entire claim for lost wages is negated.

Dhein's argument is not the proper subject of a motion *in limine*. Rather than asking the Court for an evidentiary ruling, Dhein is essentially asking the Court to issue a directed verdict on the issue of lost wages before Wehrle has even presented her evidence to the jury. If Dhein thinks Wehrle has insufficient evidence to support a viable lost wages claim, he should have raised that issue in a motion for summary judgment. *See Zimmer, Inc. v. Howmedica Osteonics Corp.*, No. 3:14-CV-152 JD, 2018 WL 1062681, at *1 (N.D. Ind. Feb. 27, 2018) ("A motion *in limine* is not a proper vehicle for deciding whether the evidence is sufficient to support a plaintiff's claim, so the Court will not entertain this argument at this stage."); *Rainey v. Metro. Water Reclamation Dist.*, 2012 WL 2192241, at *1 (N.D. Ill. June 14, 2012) ("[I]n trying to permanently narrow the claims at issue in this case, Defendant seeks partial summary judgment without complying with the local summary judgment rules[.]"); *Dowe v. Nat'l R.R. Passenger Corp.*, No. 01 C 5808, 2004 WL 887410, at *11 (N.D. Ill. Apr. 26, 2004) (denying defendant's motion *in limine* where the defendant sought to eliminate claims "[u]nder the guise of a motion *in limine*" rather than through a timely motion for summary judgment). Therefore, Dhein's motion in limine is **DENIED**.

**Motion *in Limine* No. 7:** That Plaintiff, Plaintiff's attorney, and any witness called by any party be prohibited from testifying about Plaintiff's financial condition.

Defendant cites no authority for his position that Wehrle should be prohibited from presenting evidence about her financial condition. Wehrle, in response, asserts that a plaintiff's financial condition is relevant and can be admissible for the purpose of explaining lack of medical treatment, citing *Bruntjen v. Bethalto Pizza*, LLC, 18 N.E. 3d 215, 251-52 (Ill. App. Ct. 2014).

As a general matter, evidence of a party's financial status is inadmissible because it is prejudicial to a jury's damages calculation. *Dahlstrand v. FCA US, LLC*, No. 15 CV 7603, 2021 WL 4318322, at *6 (N.D. Ill. Jan. 14, 2021); *Berardi v. Vill. of Sauget, Ill.*, No. CIV. 05-898-CJP, 2009 WL 2972346, at *2 (S.D. Ill. Sept. 11, 2009). Thus, Wehrle may not introduce evidence of her financial condition, and this portion of the motion is **GRANTED**. However, if Dhein were to suggest that Wehrle's injuries were not serious because she did not seek medical treatment, then the door would be open for Wehrle to explain why she did not seek treatment, which may include the fact that she could not afford it. The Court therefore **RESERVES RULING** as to any testimony regarding Wehrle's financial status as it relates to her ability to obtain medical care.

B. *Plaintiff's Motions in Limine*

**Motion *in Limine* No. 1:** To preclude evidence that Plaintiff has in the past consumed alcoholic beverages, consumed illegal drugs or smoked marijuana, or any evidence of Plaintiff's smoking habits.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 2:** Any evidence of Plaintiff's criminal arrests or convictions

as there are none punishable by death, imprisonment in excess of a year, or involving dishonesty or false statements.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 3:** Any reference to Plaintiff's prior marriages, divorces, or separations because it is irrelevant.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 4:** Any reference to any prior or subsequent injury to Plaintiff because there is no evidence to suggest such was the cause of the damage in issue.

Although Defendant has no objection, the Court **RESERVES RULING** on this motion. The Court cannot say, without further context, whether any such evidence is relevant or otherwise inadmissible.

**Motion *in Limine* No. 5:** All evidence of collateral sources including medical insurance, vacation pay, sick time pay, disability insurance, health, or accident benefits, including Plaintiff's ability to receive medical care in the future at governmental expense.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 6:** Any reference to any mistreatment or medical errors by any of Plaintiff's medical providers during Plaintiff's treatment.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 7:** Any attempt by Defendant's counsel to lead Defendant when his attorney questions him whether on cross examination or otherwise.

Although Defendant has no objection, the Court **RESERVES RULING** on this motion. Wehrle may raise an objection to defense counsel's questioning, if appropriate, at trial.

**Motion *in Limine* No. 8:** Any reference to reduced rates for any medical services at issue or to the possibility that any medical provider might later reduce a medical bill.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 9:** Commenting on Defendant's inability to have *ex parte* interviews with Plaintiff's treating doctors.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 10:** Any reference to the poverty or wealth of either party, including insurance coverage or the lack thereof and/or the ability to pay any judgment.

Although Defendant has no objection, the Court **GRANTS in part and RESERVES RULING in part**. As discussed above, a party's financial status is inadmissible unless Dhein were to suggest that Wehrle's injuries were not serious enough to seek medical care. At that point, the door would be open for Wehrle to explain why she did not seek treatment, which may include the fact that she could not afford it.

**Motion *in Limine* No. 11:** Any evidence or arguments that Plaintiff's recovery is not subject to federal income taxes.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 12:** Any reference to or argument that Plaintiff's attorneys are requesting more damages than they expect the jury to award.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 13:** Any reference to or argument that Plaintiff's attorneys have a financial interest in the outcome of the case on the basis of a contingent fee agreement.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 14:** Any reference to the refusal of Plaintiff's counsel or Plaintiff to execute the medical records authorizations Defendant's counsel requested.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 15:** Commenting on the ease with which lawsuits can be filed.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 16:** Arguing or implying that personal injury cases are lotteries or sweepstakes in which the plaintiffs are seeking something for little or nothing or the plaintiffs will be asking for more money than the plaintiffs expect to be awarded.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 17:** Any reference to the fact that Plaintiff objected to interrogatories or document requests, or asserted a claim of privilege, during the pretrial phase of this case.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 18:** Any reference to the existence or filing of this Motion *in Limine*, or to the fact that Plaintiff has sought to exclude evidence, or to any ruling on the Motion *in Limine* by the Court.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 19:** Any reference to the time or circumstance under which Plaintiff employed a lawyer, or that a motive, purpose or result of this lawsuit is or will be to compensate Plaintiff's lawyers.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

**Motion *in Limine* No. 20:** Any reference to the effect or results of a claim, suit or judgment insurance rates or charges as a result of this or any other matter.

Defendant has no objection; accordingly, this motion *in limine* is **GRANTED**.

## III. Objections to Designated Deposition Testimony

A. *Dr. Tobias Mattei*

Page 40, Line 20: **OVERRULED**. Plaintiff's counsel re-phrased his question, which was then answered by the witness.

Page 48, Line 21: **SUSTAINED**. Dr. Mattei already testified to the amount he charged for his IME, his deposition, and any trial testimony. *See* Page 34-36.

Page 58, Line 13: **OVERRULED**. Although Dr. Mattei had already testified that Wehrle had a mild TBI, Plaintiff's counsel was using his prior testimony to ask further questions regarding Wehrle's CT scan.

Page 67, Line 7: **OVERRULED**. Plaintiff's counsel was asking a hypothetical question regarding why a patient would decide not to go forward with treatment, which was based on Dr. Mattei's professional knowledge and expertise.

B. *Dr. Jeff Davie*

Page 28, Lines 6-7: **OVERRULED**. Dr. Davie testified that he has practiced chiropractic medicine for nearly 30 years and that, within a reasonable degree of medical certainty,

Wehrle would benefit from medical intervention including suboccipital blocks three times per year.

Page 29, Line 5: **OVERRULED**. Dr. Davie testified he was familiar with the typical and customary charges for pain management with medication.

Page 29, Line 11: **OVERRULED**. Dr. Davie testified that his answers regarding how often Wehrle would need future medical treatment was within a reasonable degree of medical certainty based on his 20-plus years of medical practice and his education and training.

Page 67, Lines 3-4: **OVERRULED**. Defense counsel asked the question on re-cross examination in response to questioning by Plaintiff's counsel.

Page 68, Lines 4-5: **SUSTAINED**. As discussed above, evidence of Wehrle's financial status, particularly speculative evidence from a witness lacking foundation, is inadmissible.

**IT IS SO ORDERED.**

**DATED: October 9, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**